ANTHONY M. STRATTON, a Minor by Richard Stratton, his Father and Next Friend, Plaintiff-Appellant, v. WENONA UNIT DISTRICT NO. 1 *et al.*, Defendants-Appellees.

Third District No. 3—87—0288

Opinion filed June 30, 1988.—Rehearing denied August 11, 1988.

Edward Zukosky, of Wenona, and William C. Zukosky, of Urbana, for appellant.

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Decatur, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Anthony Stratton, by his father Richard Stratton, filed a complaint against the defendants, Wenona School District No. 1. and its board members, requesting the court to grant a writ of *certiorari* and seeking an injunction to prevent the expulsion of Anthony

Stratton. The trial court issued the writ of *certiorari*, denied the plaintiff's request for an injunction and entered judgment in favor of the defendants.

On appeal the plaintiff argues that the trial court erred in failing to follow the formal requirements of its *certiorari* order, and that the defendant did not afford Anthony Stratton proper due process when deciding to expel him.

■ A writ of *certiorari* may be used to obtain review over a decision by an inferior court or tribunal, where it is shown that the inferior court did not proceed legally, that is, where it did not follow the essential procedural requirements applicable to such cases. (*Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 436 N.E.2d 1073.) Upon the plaintiff's motion, the trial court ordered the writ of *certiorari* but failed to follow the formal requirements of its *certiorari* order. Once the writ was issued it became the duty of the defendants to transmit to the court a full and complete transcript of the board meeting held March 26, 1987. This transcript was also to be certified. The certified transcript would have been used to determine the rights of the parties. A proper inquiry under a writ of *certiorari* is limited to the narrow questions of whether the inferior court or tribunal acted within its jurisdiction and proceeded by the applicable procedural requirements. *Hartley v. Will County Board of Review* (1982), 106 Ill. App. 3d 950, 436 N.E.2d 1073.

■ In the present case the trial court issued the writ, then erroneously proceeded to inquire beyond the narrow questions appropriate under the *certiorari* order by allowing extrinsic evidence beyond the board's minutes to be admitted. Although this procedural error alone is probably grounds for reversal, the error obscures the fundamental issue of whether the plaintiff was afforded sufficient due process.

The fourteenth amendment provides:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person of within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV.

Property interests subject to due process protections are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as State law. (*Goss v. Lopez* (1975), 419 U.S. 565, 42 L. Ed. 2d 725, 95 S. Ct. 729.) Article X,

section 1, of the Illinois Constitution (Ill. Const. 1970, art. X, §1), provides for free public school education for students through the secondary level.

The defendants, acting under color of State law (Ill. Rev. Stat. 1985, ch. 122, par. 1 *et seq.*), held a meeting on March 26, 1987, to determine what disciplinary action should be taken against Anthony Stratton. Two days before the meeting Anthony's father, Richard, was given a notice of the meeting by the superintendent, Fred Sams. The notice was in the form of a letter to the Strattons. Mrs. Stratton was not formally notified of the hearing by the defendant. The notice explained that the board would consider the expulsion of the plaintiff for gross misconduct, disobedience, and disrespect. The letter also explained that a hearing was to be held in two days and that the plaintiff's parents could appear with an attorney to discuss the matter if they wished.

■■ ■ Due process requires that, "at a minimum *** deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 313, 94 L. Ed. 865, 873, 70 S. Ct. 652, 656-57.) In the instant case the defendants have failed to afford Anthony Stratton proper procedural due process. The letter which purported to serve as notice to the Strattons was inadequate. The letter fails to outline what actions the plaintiff was being disciplined for.

■■ The Strattons were presented with a packet outlining Anthony's disciplinary problems on the evening of the hearing. The presentation of the packet did not describe specifically the present allegations of misconduct. Also, it should be noted that presentation of Anthony's disciplinary history shortly before the hearing was held did not afford the Strattons or their attorney an opportunity to address the board's accusations. In addition, the record reveals that the plaintiffs requested the board continue the hearing at a later date so that they could prepare an adequate defense to the evidence given to them the day of the expulsion hearing. The board agreed to grant the request only if Anthony Stratton would remain out of school. The Strattons refused this offer and left the hearing. The hearing proceeded in the absence of the Strattons, with the board ultimately voting for expulsion. The action by the board, in refusing the continuance request unless the plaintiff remained out of school, was inappropriate. This action deprived Anthony of his right to an education and the right to a fair hearing.

Anthony's actions and the board's reasoning in deciding to expel

him are not relevant at this point. However, examining the record, it is clear that Anthony's action and behavior are not so severe that he would be required to remain out of school until he could be given a proper hearing.

For the foregoing reasons the judgment of the circuit court of Marshall County is reversed and remanded with directions to proceed with the views expressed within this opinion.

Reversed and remanded.

HEIPLE and BARRY, JJ., concur.